<p style="text-align:center; color:red;">CORRECTED</p>

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-1128V
(not to be published)

|  |  |
|---|---|
| JANET SMITH,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: December 12, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Naseem Kourosh, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 3, 2020, Janet Smith filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner received an influenza ("flu") vaccine in the left deltoid on November 11, 2019. Petitioner alleges that she sustained a shoulder injury related to vaccine administration ("SIRVA") as set forth in the Vaccine Injury Table, or in the alternative, that her alleged shoulder injury was caused by the vaccine. She further alleges that she experienced the residual effects of his injury for more than six months.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent denies that Petitioner sustained a Table SIRVA injury; denies that the vaccine caused Petitioner's alleged shoulder injury; and denies that Petitioner's current condition is a sequelae of a vaccine-related injury. On April 13, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 32).

Petitioner has now filed a motion for attorney's fees and costs, dated October 11, 2022 (ECF No. 37), requesting an award of $28,308.01 (representing $25,946.50 in fees and $2,361.51 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred out-of-pocket expenses in the amount of $8.55. (*Id.* at 2).  Respondent reacted to the motion on October 17, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. (ECF No. 38). On October 19, 2022, Petitioner filed her reply requesting the Court award fees and costs in full. (ECF No. 39).

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $28,316.56[3] as follows:**

- **A lump sum of $28,308.01, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel,  Leah VaSahnja Durant; and**

- **A lump sum of $8.55, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master